1

2

3

4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
USA,

8
        Plaintiff,

9
   v.

10
ESTRADA-VASQUEZ,

11
        Defendant.

Case No. 17-cr-00588-SI-1

**ORDER GRANTING DEFENDANT MARTINEZ-DE LA TORRE'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3581(C)(1)(A)**

Re: Dkt. No. 65

On December 11, 2020, the Court held a hearing on defendant Emigdio Martinez-De La Torre's Motion for Compassionate Release pursuant to 18 U.S.C. § 3581(C)(1)(A).  Dkt. No. 65.  For the reasons set forth below, the Court GRANTS defendant's motion.

## BACKGROUND

On June 29, 2018, Defendant Martinez-De La Torre pled guilty to Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  On March 1, 2019, the Court sentenced defendant to 36 months custody and 3 years of supervised release.  On January 28, 2020, an immigration judge ordered defendant to be removed to Mexico.

Defendant, 54 years old, is incarcerated at North Lake Correctional Facility in Michigan. He has served approximately 25 months of his sentence and has a projected release date for September 10, 2021.

On November 2, 2020, defendant filed a Motion for Compassionate release.  The government takes no position on defendant's motion.  Defendant has filed a reply.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## LEGAL STANDARD

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Defendant argues that his current conditions of confinement, previous infection of COVID-19, and medical conditions—obesity, diabetes, high blood pressure, and high cholesterol—are "extraordinary and compelling" circumstances that warrant his compassionate release. Dkt. No. 65. Defendant understands that he will be deported to Mexico upon his release from the Bureau of Prison's custody and has provided a release plan for when he is removed to Mexico. Dkt. No. 73 at 1, 3. Upon his arrival in Mexico, defendant will stay with his sister, Guadalupe Martinez-De La Torre, in Tepic, Nayarit, Mexico. *Id.* at 3.

The government takes no position on defendant's motion. Dkt. No. 70. The government stated that "an inmate's chronic medical condition and the risk of contracting COVID-19 in a custodial setting may constitute an extraordinary and compelling reason to grant [compassionate release]." *Id.* at 9. However, the government expressed concerns regarding defendant's risk of reinfection, resources, and access to medical care in Mexico. *Id.* at 15-16.

Having carefully considered the parties' papers, the Court hereby GRANTS defendant's

2

United States District Court
Northern District of California

motion for compassionate release, finding extraordinary and compelling reasons warrant it. Notably, the Defendant will be released to the custody of Immigration and Customs Enforcement upon the granting of this motion and will be deported to Mexico.  *See United States v. Sunitha Guntipally*, No. 16-cr-00189, 2020 WL 6891827, at *4 (N.D. Cal. Nov. 23, 2020) ("[T]his Court follows other courts that have granted a sentence reduction to defendants with detainers, reduced the defendants' sentences to time served, and ordered that the defendants be released to Immigration and Customs Enforcement custody for removal.").  Defendant submitted a release plan for Mexico and government did not object to defendant's motion.

Moreover, the Court recognizes that defendant's obesity, diabetes, high blood pressure, and previous COVID-19 infection place him at increased risk of hospitalization if he were to contract COVID-19.  The defendant submitted a medical summary from Dr. Allan Pont, indicating that, based on defendant's medical records, defendant has a greater than 10 % chance of hospitalization and death if he was reinfected with COVID-19.  Def. Mot., Ex. A.  The Court is concerned about the spread and outbreak of COVID-19 in the federal prison system.

Accordingly, the Court **GRANTS** defendant Martinez-De La Torre's Motion for Compassionate Release.  Defendant Martinez-De La Torre's sentence of imprisonment is modified to time served and shall be released from the custody of BOP.  Upon his, Mr. Martinez-De La Torre will enter the custody of Immigration and Customs Enforcement (ICE) pursuant to defendant's removal order to Mexico.

The Warden of North Lake Correctional Facility shall place Mr. Martinez-De La Torre in quarantine immediately for a 14-day quarantine period before his release to ICE.  Mr. Martinez-De La Torre is to be released from BOP custody at 5:00 PM PDT, December 25, 2020.  The government shall serve a copy of this Order on the Warden of North Lake Correctional Facility immediately.

**IT IS SO ORDERED**.

Dated:  December 11, 2020

SUSAN ILLSTON
United States District Judge

3